Beverly R. ARUM, Plaintiff— Appellant,

v.

**PAUL REVERE LIFE INSURANCE COMPANY, Defendant— Appellee.**

No. 02–16211.

D.C. No. CV–00–00259–KJD.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 11, 2003.

Decided Aug. 25, 2003.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Steven J. Parsons, Alan D. Cates, Law Offices of Steven J. Parsons, Las Vegas, NV, for Plaintiff–Appellant.

Ann–Martha Andrews, Patricia Norris, Lewis & Roca, Phoenix, AZ, Von S. Heinz, Lewis & Roca, Las Vegas, NV, for Defendant–Appellee.

Before REINHARDT and GRABER, Circuit Judges, and SHADUR,* Senior District Judge.

## MEMORANDUM**

Plaintiff Beverly Arum sued Defendant Paul Revere Insurance Company, and the district court granted summary judgment in Defendant's favor. We affirm in part and reverse in part.

### A. *Claims for Breach of Contract and Bad Faith.*

■ Plaintiff produced enough evidence to give rise to a genuine issue of material fact as to whether she was "totally disabled" under the parties' disability income insurance policy.[1] For example, in January 2000, her treating physician reported that for the indefinite future she would be unable to work in any occupation, and he testified that Plaintiff could not perform any productive job without retraining. Because there is a genuine issue of material fact, the district court erred in entering summary judgment.

---

* The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

1. The policy states in relevant part:
   [A]fter the Total Disability benefit has been payable for 24 months during any one period of disability, then "Total Disability" means that because of injury or Sickness:
   a. You are completely unable to engage in any gainful occupation for which You are reasonably fitted by education, training, or experience, considering Your prior economic status; and
   b. You are under the regular and personal care of a Physician.

B. *Supplemental Social Insurance Benefit Rider.*

■ Plaintiff is not entitled to receive the additional payment because, under the terms of the rider, the payment would be due only if she were *not* receiving social security benefits. Nevada Revised Statute § 689A.240 does not invalidate an excess policy of this kind. *See State Farm Mut. Auto. Ins. Co. v. Cramer,* 109 Nev. 704, 857 P.2d 751 (1993) (holding that a catastrophic medical expense rider was enforceable even though not provided for in § 689A). Therefore, the district court properly enforced the rider according to its terms.

C. *Costs.*

Because we are reversing and remanding the case for further proceedings, and the issue may not arise again, we need not reach the question whether the district court correctly calculated costs.

AFFIRMED in part, REVERSED in part, and REMANDED. The parties shall bear their own costs on appeal.